IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| TODD COLTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:23-cv-27 |
| | § | |
| EQUIPMENTSHARE.COM, INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Todd Colton ("Plaintiff") files this Complaint against EquipmentShare.com, Inc. ("Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1. This is a civil action brought by Plaintiff pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 U.S.C. §§ 251-262, (collectively "FLSA") for Defendant's failure to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 during each seven-day workweek as an employee of Defendant.

2. Plaintiff was employed by Defendant as field service technician.

3. Defendant paid Plaintiff on an hourly basis in addition to bonus pay.

4. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant.

5. Although Defendant generally paid Plaintiff time and one-half of his hourly rate of pay, Defendant did not include bonus pay, along with hourly pay, in calculating Plaintiff's FLSA regular rate of pay in determining the overtime wages Plaintiff should have been paid.

*Plaintiff's Original Complaint – Page* 1

6. Plaintiff seeks all damages available under the FLSA, including unpaid overtime wages, liquidated damages, reasonable legal fees, costs, and post-judgment interest.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Todd Colton

7. Plaintiff is a natural person who resides in Taylor County, Texas. He has standing to file this lawsuit.

8. Plaintiff was employed by Defendant in and around Taylor County, Texas.

9. By filing this lawsuit and complaint, Plaintiff consents to be a party plaintiff to this FLSA action pursuant to 29 U.S.C. § 216(b).

### B. Defendant EquipmentShare.com, Inc.

10. Defendant is a foreign for-profit corporation.

11. Defendant is registered with the Texas Secretary of State to conduct business operations in Texas.

12. Defendant operates an equipment rental location at 1358 Scott Street, Abilene, Texas 79563 (the "Store").

13. The Store was Plaintiff's home office relative to the work he performed for Defendant.

14. During 2021 and 2022, Defendant was an "enterprise engaged in commerce" as defined by the FLSA.

15. During 2021 and 2022, Defendant employed two or more employees.

16. During 2021 and 2022, Defendant employed two or more employees who engaged in commerce and/or who handled, sold, or otherwise worked on goods and/or materials that had been moved in and/or produced for commerce by any person. For example, Defendant employed

*Plaintiff's Original Complaint – Page* 2

two or more employees who regularly handled, sold, and/or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include rental equipment in Defendant's business operations, fuel, computers, computer accessories (such as printers), office equipment (such as desks and chairs), and phones.

17. On information and belief, Defendant had annual gross sales or business volume in excess of $500,000 in 2021 and 2022.

18. Defendant may be served with summons through its registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

**C.   Jurisdiction and Venue**

19. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20. The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

21. During all times relevant to this lawsuit, Defendant has done business in the State of Texas and continues to do business in the State of Texas.

22. The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiff bases his claims on federal law, namely the FLSA.

23. Venue is proper in this Court because Plaintiff's work for Defendant made the subject matter of this lawsuit occurred in and around Taylor County, Texas and Plaintiff's assigned home office relative to his employment with Defendant was located in Taylor County, Texas.

### III.   FACTUAL BACKGROUND

24. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

25. Defendant's business operations include the rental of equipment to customers in Texas and states other than Texas.

26. The rental equipment offered by Defendant to its customers includes lifts, excavators, trenching equipment, tractors, mowers, lighting equipment, generators, and power tools.

27. Defendant operates a rental equipment location at the Store in Abilene, Texas (1358 Scott Street, Abilene, Texas 79563).

28. Plaintiff's dates of employment with Defendant are approximately June 2021 to approximately December 2022.

29. Plaintiff was employed by Defendant field service technician.

30. Plaintiff's primary job duties consisted of repairing and servicing Defendant's rental equipment at the Store in Abilene, Texas in addition to locations in the field.

31. Defendant paid Plaintiff on an hourly basis.

32. Defendant paid Plaintiff bonus pay in addition to his hourly pay.

33. The bonus pay Defendant paid Plaintiff was based on performance.

34. The bonus pay paid Plaintiff was generally paid based on the business performance of the Store where Plaintiff was assigned.

35. Plaintiff's bonus pay was earned in and/or corresponded to workweeks in which he worked more than 40 hours.

36. Plaintiff routinely worked in excess of 40 hours per seven-day workweek as an employee of Defendant's.

37. Although Defendant generally paid Plaintiff time and one-half of his hourly rate of pay, Defendant did not include bonus pay, along with hourly pay, in calculating Plaintiff's FLSA regular rate of pay.

38. The failure to include that bonus pay in calculating Plaintiff's regular rate of pay resulted in an underpayment of the FLSA overtime wages Defendant should have paid Plaintiff.

### IV.  CONTROLLING LEGAL RULES

39. The FLSA states that "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

40. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

41. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, the amount and nature of each payment which, pursuant to 29 U.S.C. § 207(e), is excluded from the regular rate, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b).

Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

42. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e).

43. With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

44. "The employer bears the burden of demonstrating that certain payments should not be included in determining its employees' regular rate." *Meadows v. Latshaw Drilling Co., LLC*, 338 F. Supp. 3d 587, 591 (N.D. Tex. 2018) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 209, 86 S.Ct. 737, 15 L.Ed.2d 694 (1966); *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009)). *See also*, *Smiley v. E.I. Dupont De Nemours & Co.*, 839 F.3d 325, 330 (3d Cir. 2016) (The employer bears the burden of proof to establish that remuneration can be excluded from the regular rate of pay pursuant to one of the statutory exclusions set forth in 29 U.S.C. § 207(e)).

45. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216(b).

### V.     FLSA CLAIMS

46. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

47. Defendant is and/or was an eligible and covered employer under the FLSA relative to the claims in this lawsuit. 29 U.S.C. § 203(d).

48. Defendant was an enterprise engaged in commerce under the FLSA in 2021 and 2022. 29 U.S.C. § 203(s)(1)(A).

49. Plaintiff was an employee of Defendant pursuant to the FLSA in 2021 and 2022. 29 U.S.C. § 203(e).

50. Plaintiff was a covered employee under 29 U.S.C. § 207(a)(1) relative to his employment with Defendant in 2021 and 2022.

51. Plaintiff was paid on an hourly basis by Defendant. At times, Plaintiff also received bonus pay from Defendant.

52. Plaintiff regularly worked in excess of 40 hours per seven-day workweek as an employee of Defendant's.

53. Defendant was required to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 in each seven-day workweek during Plaintiff's employment with Defendant. 29 U.S.C. § 207(a)(1).

54. Defendant was required by the FLSA to include the bonuses it paid Plaintiff in calculating his regular rate of pay.

55. Defendant did not pay Plaintiff all FLSA overtime wages owed because it did not include bonus pay in calculating Plaintiff's regular rate of pay.

56. The failure of Defendant to pay Plaintiff time and one-half his regular rate of pay for all hours worked over 40 per seven-day workweek is a violation of the FLSA.

57. Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     DAMAGES AND PRAYER

58.     Plaintiff asks that he be awarded a judgment against Defendant and/or order(s) from the Court for the following:

a.  All damages allowed by the FLSA, including unpaid overtime wages,

b.  Liquidated damages in an amount equal to unpaid overtime wages,

c.  Legal fees,

d.  Costs,

e.  Post-judgment interest, and/or

f.  All other relief to which Plaintiff is entitled.

Date: January 31, 2023.

                Respectfully submitted,

By:     s/ Allen R. Vaught
        Allen R. Vaught
        Attorney-In-Charge
        TX Bar No. 24004966
        Vaught Firm, LLC
        1910 Pacific Ave., Suite 9150
        Dallas, Texas 75201
        (972) 707-7816 – Telephone
        (972) 591-4564 – Facsimile
        avaught@txlaborlaw.com

ATTORNEY FOR PLAINTIFF